**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **MOTORMATE GROUP LLC,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil Case No.: SAG-26-01693** |
| **v.** | * | |
| | * | |
| **NOVA TRANSPORT LLC,** *et al.***,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*

**MEMORANDUM OPINION**

This Court has reviewed Plaintiff MotorMate Group LLC's ("MotorMate's") Motion for Alternative Service on Defendant Givi Khidesheli Pursuant to Federal Rule of Civil Procedure 4(f)(3). ECF 43. Khidesheli presently resides in the Republic of Georgia. Following the filing of that motion, the other Defendants, Nova Transport LLC ("Nova") and Rauli Kvernadze (collectively "the Nova Defendants") docketed a "notice" providing information about the Republic of Georgia's objections to certain methods of service authorized under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. ECF 45. MotorMate then filed a reply in which it requests that this Court strike ECF 45. ECF 48. MotorMate did not properly docket a motion to strike, and this Court declines to strike ECF 45. Although this Court has not expressly considered any other contents of ECF 45 in resolving this motion (to the extent there are any), it has of course considered the Republic of Georgia's Reservations and Declarations to the Hague Convention. For the reasons addressed below, this Court will GRANT MotorMate's motion for alternative service as described herein.

## I.   RELEVANT FACTS

MotorMate's Complaint alleges in relevant part that its former employee, Khidesheli, misappropriated trade secrets and other confidential information upon terminating his employment, and accessed MotorMate's computer records without authorization after his departure, deleting some of MotorMate's business records. It further alleges that Khidesheli is using MotorMate's trade secrets and other proprietary information to operate a new business with the Nova defendants in direct competition with MotorMate. MotorMate is seeking preliminary injunctive relief from this Court and has effected service on the Nova Defendants and commenced limited discovery.

MotorMate terminated Khidesheli's employment in August, 2025, after learning that he had begun forming Nova with the Nova Defendants months prior. MotorMate began sending pre-litigation notices to the Defendants, including Khidesheli, in December, 2025. Khidesheli responded, through an existing MotorMate employee, to a pre-litigation notice sent by email to givixidesheli@gmail.com. He also signed for a pre-litigation notice served to his home address at 12 Abo Tbileli Street, Krtsanisi District, Tbilisi, Republic of Georgia on December 24, 2025.

On February 25, 2026, MotorMate again sent final pre-litigation notices to Defendants, including by email, and transmitted a copy of the notice to Khidesheli at his home address in Tbilisi. On March 2, 2026, Khidesheli acknowledged receipt of the notice, referencing that he received it by email.

On May 14, 2026, Nova's counsel advised MotorMate that Khidesheli was again "fully active at Nova" following a temporary suspension. ECF 42-1.

## II.    ANALYSIS

In light of the expedited injunctive relief MotorMate seeks, it wishes to effect service pursuant to Federal Rule of Civil Procedure 4(f)(3), which provides for service on an individual in a foreign country "by other means not prohibited by international agreement, as the court orders." The Republic of Georgia is a signatory to the Hague Convention on Private International Law, with certain Declarations and Reservations. *See* HCCH Members, Hague Conference on Private International Law, https://www.hcch.net/en/states/hcch-members (last visited June 4, 2026). Article 10 of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters provides:

> Provided the State of destination does not object, the present Convention shall not interfere with -
>
> a) the freedom to send judicial documents, by postal channels, directly to persons abroad,
>
> b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,
>
> c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Hague Conference on Private International Law, Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. 10, November 15, 1965, 165 U.N.T.S. 9432. In the Republic of Georgia's Reservations to the Hague Convention, it objects to "the service of documents by the means defined under Sub-paragraphs (b) and (c) of Article 10 of the Convention." Declaration/Reservation/Notification, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=1451&disp=resdn (last visited June 4, 2026). It does not object to service

3

under Sub-paragraph (a) "by postal channels, directly to persons abroad." *Id.* And neither the Reservations nor the Hague Convention itself makes any reference to service by email.

A district court has wide discretion to order service of process under Rule 4(f)(3). The Fourth Circuit has recognized that the rule "provides the Court with . . . flexibility and discretion . . . empowering courts to fit the manner of service utilized to the facts and circumstances of the particular case." *Enovative Techs., LLC v. Leor*, 622 F. App'x 212, 214 (4th Cir. 2015) (quoting *In re Int'l Telemedia Assocs.*, Inc., 245 B.R. 713, 719 (Bankr. N.D. Ga. 2000)). The method of service chosen must comply with due process by being "reasonably calculated under all the circumstances" to provide notice to the defendant. *Id.* (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

Here, MotorMate requests permission for alternative service using the email address that has been "repeatedly authenticated through the litigation record," givixidesheli@gmail.com. ECF 43-1. This Court agrees that such service is not prohibited by any applicable international agreement and is reasonably calculated, in these particularized circumstances where Khidesheli has recently responded to email correspondence and is actively working with a US company, to provide actual notice regarding this action. *See Enovative Techs.*, 622 F. App'x at 214 (affirming district court's finding that service by email complied with constitutional and due process notice requirements). In accordance with the Hague Convention, however, this Court will also require service "by postal channels, directly to" Khidesheli, who is a "person[] abroad." The postal channels used should require verification of delivery to Khidesheli at 12 Abo Tbileli Street, Krtsanisi District, Tbilisi, Republic of Georgia. Service shall be deemed effective when both of those methods of service have been completed, as those methods will comply with the

constitutional and due process notice requirements and are not prohibited by international agreement.

For the foregoing reasons, MotorMate's Motion for Alternative Service, ECF 43, is GRANTED and service shall be effected as described in the accompanying Order.

Dated: June 4, 2026                                       _____/s/_____
                                                          Stephanie A. Gallagher
                                                          United States District Judge